AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>OSCAR ROLANDO CASTILLO-RAMIREZ<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)  6:25-mj- 1552<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 27, 2025__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C.§ 1326(a) | Illegal Re-entry |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Steven Lee, Border Patrol Agent
*Printed name and title*

Sworn to before me over video conference or other reliable electronic means and signed by me pursuant to to Fed. R. Crim. P. 4.1 and 4(d)(3).

Date: 5/29/25

_____
*Judge's signature*

City and state:  Orlando, FL.   LESLIE HOFFMAN PRICE, U.S. Magistrate Judge
*Printed name and title*

STATE OF FLORIDA                              CASE NO. 6:25-mj- 1552

COUNTY OF ORANGE

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Steven Lee, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1.   I am a Border Patrol Agent (BPA) with the United States Department of Homeland Security, U.S. Customs and Border Protection (CBP), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since August 23, 2010. I am currently assigned to the Orlando, Florida U.S. Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 19, 21 and 18 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2.   The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal re-entry.

3. On May 27, 2025, Florida Highway Patrol (FHP) contacted the Orlando Border Patrol Station in reference to the defendant Oscar Rolando CASTILLO-Ramirez. CASTILLO-Ramirez was the subject of a traffic stop by FHP in Orange County. On May 27, 2025, FHP stopped the vehicle that CASTILLO-Ramirez was driving after observing an obscured license plate. During their investigation, FHP officers gathered personal identifying information (name, date of birth, place of birth, etc.) from CASTILLO-Ramirez. This information subsequently was shared with CBP.

4. CBP record checks on CASTILLO-Ramirez's biographical information confirmed that he is a citizen and national of Guatemala with no lawful immigration status in the United States. He also has an alien file under his unique alien number containing all of his immigration history. Fingerprints in that file match the processed fingerprints of CASTILLO-Ramirez conducted at the Orlando Border Patrol Station. His fingerprints are associated with his unique FBI number, which in turn is associated with his alien file.

5. Documents in the alien file show that CASTILLO-Ramirez previously was arrested by Border Patrol on February 16, 2016, and was ordered deported/removed from the United States to Guatemala by a Designated Official on February 18, 2016. Criminal records for CASTILLO-Ramirez show he was convicted on February 19, 2016, for 8 U.S.C. § 1325, Illegal Entry, at which time he was sentenced to five days in jail. CASTILLO-Ramirez was then physically

deported/removed from the United States to Guatemala on February 25, 2016, through Harlingen, Texas.

6. CASTILLO-Ramirez did not have the consent of the Attorney General or the Secretary of Homeland Security for the United States to apply for admission to or re-enter the United States.

7. Based on the foregoing, I believe that there is probable cause that Oscar Rolando CASTILLO-Ramirez was deported and removed from the United States and entered or was found to be voluntarily in the United States thereafter, in violation of 8 U.S.C. § 1326(a). Therefore, I respectfully request that the Court issue the attached criminal complaint charging Oscar Rolando CASTILLO-Ramirez with the aforementioned federal offense.

This concludes my Affidavit.

_____
Steven Lee
Border Patrol Agent

Affidavit submitted by email and
attested to me as true and accurate
either in person or via videoconference
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), this 29th day of May, 2025

_____
LESLIE HOFFMAN PRICE
United States Magistrate Judge